IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK RICHMOND,                    )
                                  )
            Plaintiffs,           )
                                  )   CAUSE NO. 3:15-CV-227
      vs.                         )
                                  )
INDIANA DEPARTMENT OF CORRECTIONS,)
*et al.*,                         )
                                  )
            Defendants.           )

OPINION AND ORDER

This matter is before the court on the complaint (DE 3) filed by Mark Richmond, a *pro se* prisoner, on April 27, 2015, in the LaPorte Superior Court under cause number 46D02-1504-CT-825 and removed to this court by the United States Department of Labor on May 28, 2015. For the reasons set forth below, the court: (1) **DISMISSES** the claims against the United States Department of Labor; (2) **DISMISSES** the United States Department of Labor; (3) **GRANTS** Mark Richmond until June 30, 2015, to file an amended complaint; and (4) **CAUTIONS** Mark Richmond that if he does not respond by that deadline, the remaining claims will be remanded to the LaPorte Superior Court.

BACKGROUND

Mark Richmond is an inmate at the Indiana State Prison. From July 17, 2006, to October 28, 2013, he was enrolled in the Paralegal Apprenticeship Program at the prison. He alleges that

program was registered with the United States Department of Labor. His participation in the program ended when Apprenticeship Coordinator Kristal Kajer discontinued the program. Richmond alleges that when he started the program, he entered into a contract. He filed this case in the LaPorte Superior court seeking to recover for a breach of that contract. The United States Department of Labor removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) because it is an agency of the United States.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Richmond did not attach a copy of the contact which he alleges was breached and therefore it is unclear why he believes that the United States Department of Labor had a contract with him. However, what is clear is an apprenticeship contract executed by an

apprentice in a program registered with the United States Department of Labor is not a contract with the Department of Labor. Rather it is "a written agreement, complying with §29.7 between an apprentice and either the apprentice's program sponsor, or an apprenticeship committee acting as agent for the program sponsor(s), which contains the terms and conditions of the employment and training of the apprentice." 29 C.F.R. § 29.2. Moreover, "[n]owhere in [29 C.F.R. Part 29] is [the Department of Labor Bureau of Apprenticeship and Training] granted authority to contract with private individuals concerning apprenticeship training or their wages during such training." *Lopinson v. United States*, 15 Cl. Ct. 712, 715 (1988). "Hence, no implied-in-fact contract existed or could exist." *Id.* Furthermore, to the extent the Richmond has named the Department of Labor because it administered the national standards under which his apprenticeship program was operating, "[a]n attempt to implement standards which promote the common good and general welfare clearly constitutes a sovereign act." *Id.* at 716. As such, the department has sovereign immunity and cannot be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

As explained, this complaint does not state a claim against the Department of Labor. Therefore the Department of Labor, and the claims against it, must be dismissed. However, because Richmond did not attach a copy of the contract which he alleges was breached, it

remains possible (however unlikely) that he did have a contract (other than his apprenticeship contract) directly with the Department of Labor. If he does, he may file an amended complaint setting forth those allegations and attaching a copy of the contact showing that the Department of Labor directly entered into a contract with him. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he does this, the Department of Labor may be restored as a defendant in this case. But if not, then there are no longer any federal defendants or claims remaining.

This case was removed to this Court solely because the Department of Labor is an agency of the United States. Without the Department of Labor, it would not be appropriate for this Court to exercise supplemental jurisdiction over the remaining defendants and claims. *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir.2010). ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.") and *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).") Therefore unless one of the parties can overcome that presumption by explaining why the Court should retain supplemental

jurisdiction, this case will be remanded to the LaPorte Superior Court if Richmond does not file an amended complaint which can state a claim against the Department of Labor.

CONCLUSION

For the reasons set forth above, the Court: (1) **DISMISSES** the claims against the United States Department of Labor; (2) **DISMISSES** the United States Department of Labor; (3) **GRANTS** Mark Richmond until June 30, 2015, to file an amended complaint; and (4) **CAUTIONS** Mark Richmond that if he does not respond by that deadline, the remaining claims will be remanded to the LaPorte Superior Court.


DATED: June 3, 2015                /s/RUDY LOZANO, Judge
                                   United State District Court